UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>(1) Harry TAM, a/k/a "Legendary H," a/k/a "HK," a/k/a Harry Kiahi TAM;<br>(2) Tony NGUYEN;<br>(3) Marcus LEYDEN, a/k/a "Pyrex";<br>(4) Henry VUONG;<br>(5) Robert OSTRANDER;<br>(6) James COLAMARIA;<br>(7) Vincent DUONG;<br>▇▇▇▇▇▇▇▇▇▇▇▇▇▇<br>(9) Eli SANDERS; and<br>(10) Jacob PARLIN, a/k/a "Jake,"<br><br>Defendants | Criminal No. 21cr10350<br><br>Violations:<br><br>Count One: Conspiracy to Distribute and to Possess with Intent to Distribute 50 Grams of More of Methamphetamine<br>(21 U.S.C. § 846)<br><br>Counts Two through Six: Distribution of and Possession with Intent to Distribute 50 Grams or More of Methamphetamine; Aiding and Abetting<br>(21 U.S.C. §§ 841(a)(1) and (b)(1) (A)(viii); 18 U.S.C. § 2)<br><br>Counts Seven through Nine: Possession of a Firearm in Furtherance of a Drug Trafficking Offense<br>(18 U.S.C. § 924(c))<br><br>Count Ten: Felon in Possession of a Firearm and Ammunition<br>(18 U.S.C. § 922(g)(1))<br><br>Count Eleven: Possession of a Firearm with an Obliterated Serial Number<br>(18 U.S.C. § 922(k))<br><br>Drug Forfeiture Allegation:<br>(21 U.S.C. § 853)<br><br>Firearm Forfeiture Allegation: (18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c)) |

1

INDICTMENT

COUNT ONE
Conspiracy to Distribute and to Possess with Intent to Distribute
50 Grams or More of Methamphetamine
(21 U.S.C. § 846)

The Grand Jury charges:

From in or about March 2020 through in or about May 2021, in the District of Massachusetts, the District of New Hampshire, and the Northern District of California, the defendants,

    (1) Harry TAM, a/k/a "Legendary H," a/k/a "HK," a/k/a Harry Kiahi TAM;
    (2) Tony NGUYEN;
    (3) Marcus LEYDEN, a/k/a "Pyrex";
    (4) Henry VUONG;
    (5) Robert OSTRANDER;
    (6) James COLAMARIA;
    (7) Vincent DUONG;
    (8) [REDACTED]
    (9) Eli SANDERS; and
    (10) Jacob PARLIN, a/k/a "Jake,"

conspired with each other and with other persons known and unknown to the Grand Jury, to knowingly and intentionally distribute and possess with intent to distribute methamphetamine, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(1).

It is further alleged that the offense charged in Count One involved 50 grams or more of methamphetamine, a Schedule II controlled substance. Accordingly, Title 21, United States Code, Section 841(b)(1)(A)(viii) is applicable to this Count.

It is further alleged that, with respect to Count One, 50 grams or more of methamphetamine, a Schedule II controlled substance, were reasonably foreseeable by, and are attributable to, (1) Harry TAM, a/k/a "Legendary H," a/k/a "HK," a/k/a Harry Kiahi TAM; (2) Tony NGUYEN; (3) Marcus LEYDEN, a/k/a "Pyrex"; (4) Henry VUONG; (7) Vincent DUONG; [REDACTED] and

2

(10) Jacob PARLIN, a/k/a "Jake."

Accordingly, Title 21, United States Code, Section 841(b)(1)(A)(viii) is applicable to defendants (1) Harry TAM, a/k/a "Legendary H," a/k/a "HK," a/k/a Harry Kiahi TAM; (2) Tony NGUYEN; (3) Marcus LEYDEN, a/k/a "Pyrex"; (4) Henry VUONG; (7) Vincent DUONG; ▮▮▮▮ and (10) Jacob PARLIN, a/k/a "Jake."

All in violation of Title 21, United States Code, Section 846.

<u>COUNT TWO</u>
Distribution of and Possession with Intent to Distribute
50 Grams or More of Methamphetamine; Aiding and Abetting
(21 U.S.C. §§ 841(a)(1) and (b)(1)(A)(viii); 18 U.S.C. § 2)

The Grand Jury further charges:

From on or about July 29, 2020, through on or about August 1, 2020, in the Northern District of California, the District of Massachusetts, and elsewhere, the defendant,

(2) Tony NGUYEN,

did knowingly and intentionally distribute and possess with intent to distribute 50 grams or more of methamphetamine, a Schedule II controlled substance.

All in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(A)(viii), and Title 18, United States Code, Section 2.

<u>COUNT THREE</u>
Distribution of and Possession with Intent to Distribute
50 Grams or More of Methamphetamine; Aiding and Abetting
(21 U.S.C. §§ 841(a)(1) and (b)(1)(A)(viii); 18 U.S.C. § 2)

The Grand Jury further charges:

On or about September 10, 2020, in Boston, in the District of Massachusetts, the defendant,

(4) Henry VUONG,

did knowingly and intentionally distribute and possess with intent to distribute 50 grams or more of methamphetamine, a Schedule II controlled substance.

All in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(A)(viii), and Title 18, United States Code, Section 2.

COUNT FOUR
Distribution of and Possession with Intent to Distribute
50 Grams or More of Methamphetamine; Aiding and Abetting
(21 U.S.C. §§ 841(a)(1) and (b)(1)(A)(viii); 18 U.S.C. § 2)

The Grand Jury further charges:

On or about October 13, 2020, in Watertown, in the District of Massachusetts, the defendant,

(3) Marcus LEYDEN, a/k/a "Pyrex,"

did knowingly and intentionally distribute and possess with intent to distribute 50 grams or more of methamphetamine, a Schedule II controlled substance.

All in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(A)(viii), and Title 18, United States Code, Section 2.

## COUNT FIVE
### Distribution of and Possession with Intent to Distribute 50 Grams or More of Methamphetamine; Aiding and Abetting
### (21 U.S.C. §§ 841(a)(1) and (b)(1)(A)(viii); 18 U.S.C. § 2)

The Grand Jury further charges:

On or about March 12, 2021, in Randolph, in the District of Massachusetts, the defendant,

(7) Vincent DUONG,

did knowingly and intentionally distribute and possess with intent to distribute 50 grams or more of methamphetamine, a Schedule II controlled substance.

All in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(A)(viii), and Title 18, United States Code, Section 2.

<u>COUNT SIX</u>
Distribution of and Possession with Intent to Distribute
50 Grams or More of Methamphetamine; Aiding and Abetting
(21 U.S.C. §§ 841(a)(1) and (b)(1)(A)(viii); 18 U.S.C. § 2)

The Grand Jury further charges:

On or about March 30, 2021, in Allston, in the District of Massachusetts, and Seabrook, in the District of New Hampshire, the defendants,

(1) Harry TAM, a/k/a "Legendary H," a/k/a "HK," a/k/a Harry Kiahi TAM; and
(10) Jacob PARLIN, a/k/a "Jake,"

did knowingly and intentionally distribute and possess with intent to distribute 50 grams or more of methamphetamine, a Schedule II controlled substance.

All in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(A)(viii), and Title 18, United States Code, Section 2.

COUNT SEVEN
Possession of a Firearm in Furtherance of a Drug Trafficking Offense
(18 U.S.C. § 924(c)(1)(A)(i))

The Grand Jury further charges:

On or about September 10, 2020, in Boston, in the District of Massachusetts, the defendant,

(4)   Henry VUONG,

did knowingly possess a firearm, to wit: a handgun lacking a serial number or other identifying markings, in furtherance of a drug trafficking crime for which the defendant may be prosecuted in a court of the United States, to wit: conspiracy to distribute and to possess with intent to distribute 50 grams or more of methamphetamine, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 846, as charged in Count One, and distribution of and possession with intent to distribute 50 grams or more of methamphetamine, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(A)(viii), as charged in Count Three.

All in violation of Title 18, United States Code, Section 924(c)(1)(A)(i).

COUNT EIGHT
Possession of a Firearm in Furtherance of a Drug Trafficking Offense
(18 U.S.C. § 924(c)(1)(A)(i))

The Grand Jury further charges:

On or about October 13, 2020, in Watertown, in the District of Massachusetts, the defendant,

(3) Marcus LEYDEN a/k/a "Pyrex",

did knowingly possess a firearm, to wit: a handgun lacking a serial number or other identifying markings, in furtherance of a drug trafficking crime for which the defendant may be prosecuted in a court of the United States, to wit: conspiracy to distribute and to possess with intent to distribute 50 grams or more of methamphetamine, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 846, as charged in Count One, and distribution of and possession with intent to distribute 50 grams or more of methamphetamine, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(A)(viii), as charged in Count Four.

All in violation of Title 18, United States Code, Section 924(c)(1)(A)(i).

## COUNT NINE
Possession of a Firearm in Furtherance of a Drug Trafficking Offense
(18 U.S.C. § 924(c)(1)(A)(i))

The Grand Jury further charges:

On or about March 12, 2021, in Randolph, in the District of Massachusetts, the defendant,

(7) Vincent DUONG,

did knowingly possess a firearm, to wit: a Glock 44, .22 caliber handgun with serial number AEFX398, in furtherance of a drug trafficking crime for which the defendant may be prosecuted in a court of the United States, to wit: conspiracy to distribute and to possess with intent to distribute 50 grams or more of methamphetamine, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 846, as charged in Count One, and distribution of and possession with intent to distribute 50 grams or more of methamphetamine, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(A)(viii), as charged in Count Five.

All in violation of Title 18, United States Code, Section 924(c)(1)(A)(i).

COUNT TEN
Felon in Possession of Firearm and Ammunition
(18 U.S.C. § 922(g)(1))

The Grand Jury further charges:

On or about May 3, 2021, in Allston, in the District of Massachusetts, the defendant,

(1) Harry TAM, a/k/a "Legendary H," a/k/a "HK," a/k/a Harry Kiahi TAM,

knowing that he was previously convicted in a court of a crime punishable by imprisonment for a term exceeding one year, did knowingly possess, in and affecting commerce, firearms and ammunition, as follows:

- A 9mm semi-automatic handgun lacking a serial number or other identifying markings;
- 9mm ammunition;
- A .45 caliber Ruger SR1911 semi-automatic handgun with serial number 67054286;
- .45 caliber ammunition;
- A .38 caliber Cobra CB38 Derringer handgun with serial number CT028818;
- A 9mm semi-automatic handgun lacking a serial number or other identifying markings;
- A .45 caliber Sig Sauer 1911 semi-automatic handgun with serial number 54B080379;
- A 9mm Taurus G2C semi-automatic handgun with serial number G2C ABL118316;
- A 9mm Beretta APX semi-automatic handgun with serial number A039948X; and
- A 9mm Beretta 92FS semi-automatic handgun, which had the manufacturer's serial number removed, obliterated, and altered.

All in violation of Title 18, United States Code, Section 922(g)(1).

<u>COUNT ELEVEN</u>
Possession of a Firearm with an Obliterated Serial Number
(18 U.S.C. § 922(k))

The Grand Jury further charges:

On or about May 3, 2021, in Allston, in the District of Massachusetts, the defendant,

(1) Harry TAM, a/k/a "Legendary H," a/k/a "HK," a/k/a "Harry Kiahi TAM,"

did possess and receive a firearm, to wit: a 9mm Beretta 92FS semi-automatic handgun, which had the manufacturer's serial number removed, obliterated, and altered, and had been shipped or transported in interstate commerce.

All in violation of Title 18, United States Code, Section 922(k).

DRUG FORFEITURE ALLEGATION
(21 U.S.C. § 853)

The Grand Jury further finds:

1. Upon conviction of one or more of the offenses in violation of Title 21, United States Code, Sections 841(a)(1) and 846, set forth in Counts One through Six, the defendants,

(1) Harry TAM, a/k/a "Legendary H," a/k/a "HK," a/k/a "Harry Kiahi TAM";
(2) Tony NGUYEN;
(3) Marcus LEYDEN, a/k/a "Pyrex";
(4) Henry VUONG;
(5) Robert OSTRANDER;
(6) James COLAMARIA;
(7) Vincent DUONG;
(9) Eli SANDERS; and
(10) Jacob PARLIN, a/k/a "Jake,"

shall forfeit to the United States, pursuant to Title 21, United States Code, Section 853, any property constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of such offense; and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such offense. The property to be forfeited includes, but is not limited to, the following asset:

    a. $95,450 in United States currency, seized from Defendant Harry Tam on May 3, 2021.

2. If any of the property described in Paragraph 1, above, as being forfeitable pursuant to Title 21, United States Code, Section 853, as a result of any act or omission of the defendants --

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the Court;

    d. has been substantially diminished in value; or

      e. has been commingled with other property which cannot be divided without difficulty;

it is the intention of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendants up to the value of the property described in Paragraph 1 above.

    All pursuant to Title 21, United States Code, Section 853.

FIREARM FORFEITURE ALLEGATION
(18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c))

The Grand Jury further finds:

1.      Upon conviction of one or more of the offenses in violation of Title 18, United States Code, Sections 922(g)(1) and (k), and Title 18, United States Code, Section 924(c)(1)(A)(i), set forth in Counts Seven through Eleven, the defendants,

> (1) Harry TAM, a/k/a "Legendary H," a/k/a "HK," a/k/a "Harry Kiahi TAM";
> (3) Marcus LEYDEN a/k/a "Pyrex";
> (4) Henry VUONG; and
> (7) Vincent DUONG,

shall forfeit to the United States, pursuant to Title 18, United States Code, Section 924(d)(1), and Title 28, United States Code, Section 2461(c), any firearm or ammunition involved in or used in any knowing commission of the offenses. The property to be forfeited includes, but is not limited to, the following:

   a. Two handguns lacking serial numbers or other identifying markings;

   b. Assorted ammunition;

   c. A Glock 44, .22 caliber, serial number AEFX398;

   d. A 9mm semi-automatic handgun lacking a serial number or other identifying markings;

   e. 9mm ammunition;

   f. A .45 caliber Ruger SR1911 semi-automatic handgun with serial number 67054286;

   g. .45 caliber ammunition;

   h. A .38 caliber Cobra CB38 Derringer handgun with serial number CT028818;

      i. A 9mm semi-automatic handgun lacking a serial number or other identifying markings;

      j. A .45 caliber Sig Sauer 1911 semi-automatic handgun with serial number 54B080379;

      k. A 9mm Taurus G2C semi-automatic handgun with serial number G2C ABL118316;

      l. A 9mm Beretta APX semi-automatic handgun with serial number A039948X; and

      m. A 9mm Beretta 92FS semi-automatic handgun, which had the manufacturer's serial number removed, obliterated, and altered

2. If any of the property described in Paragraph 1, above, as being forfeitable pursuant to Title 18, United States Code, Section 924(d)(1), and Title 28, United States Code, Section 2461(c), as a result of any act or omission of the defendants --

      a. cannot be located upon the exercise of due diligence;

      b. has been transferred or sold to, or deposited with, a third party;

      c. has been placed beyond the jurisdiction of the Court;

      d. has been substantially diminished in value; or

      e. has been commingled with other property which cannot be divided without difficulty;

it is the intention of the United States, pursuant to Title 28, United States Code, Section 2461(c), incorporating Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendants up to the value of the property described in Paragraph 1 above.

All pursuant to Title 18, United States Code, Section 924, and Title 28, United States Code, Section 2461.

A TRUE BILL

FOREPERSON

NADINE PELLEGRINI
ASSISTANT UNITED STATES ATTORNEY
DISTRICT OF MASSACHUSETTS

District of Massachusetts: December 7, 2021
Returned into the District Court by the Grand Jurors and filed.

/s/ Leonardo T. Vieira, signed at 1:22pm
DEPUTY CLERK