UNITED STATES DISTRICT COURT
DISTRICT COURT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| **UNITED STATES** | ) | |
| | ) | |
| v. | ) | 1:21-CR-10350-LTS-1 |
| | ) | |
| **HARRY TAM** | ) | |
| | ) | |

**DEFENDANT'S MOTION TO REVIEW DENIAL OF PRETRIAL RELEASE**

NOW COMES the Defendant, HARRY TAM, in connection with the above-captioned matter and respectfully requests that this Honorable Court review the Order for Pretrial Detention and release the Defendant on any conditions of release, including but not limited to:

1. Release directly to Residential Treatment Program
2. Comply with all transitional substance abuse treatment following residential program
3. Complete Substance Abuse Evaluation
4. Comply with substance abuse outpatient treatment
5. Drug and Alcohol Free with random screens
6. Weekly NA Meetings
7. GPS monitoring
8. Home Confinement
9. Weekly Counseling
10. Do not possess any firearms
11. Do not apply for a passport
12. Any other conditions deemed fit by this Honorable Court or recommended by this Probation Dept.

1

In a detention hearing, the Government bears the burden to establish by clear and convincing evidence that there are no conditions of release that will reasonably assure the safety of the community. See *US v. Rodriguez*, 897 F.Supp. 1461, 1463 (SD Fla. 1995) citing *US v. Orta*, 760 F.2d 887 (8th Cir. 1985). The issue at the hearing is whether releasing a defendant would pose a danger to the community that would not exist were the defendant detained. *Id.*

In this case, the Court found that the Defendant rebutted the presumption for detention, but ultimately detained the Defendant citing there are no conditions of release. However, the Defendant requests that this matter be reviewed in light of the search of the family residence in Allston, MA in May 2021. At that time, the police seized several firearms from the residence that are referenced in this case, but he was not charged at that time. Instead, the police had him enter an inpatient treatment program, and allowed Mr. Tam to remain in the community. Despite the ongoing federal investigation, the government allowed the Defendant to stay in the community from May 2021 through December 2021. It was not until the Defendant was charged in the Brighton Division of Boston Municipal Court in December 2021 that the US Attorney sought charges against Harry Tam a couple weeks later.

In the Brighton matter, Docket 2108CR566, the Defendant was released on a $9,000 cash bail, and the Defendant appeared in Court as Ordered on the following Monday – December 3, 2021. The Court entered the same $9,000 cash bail and released the Defendant on conditions at that time. While on release from Brighton, the Defendant was arrested by the Federal authorities a couple weeks later on the matter before this Honorable Court.

In the Court's Order for Detention, the Order stated that "A search warrant executed at this residence produced 4-11 firearms. Tam proposes to be released to this home". The Order does not reflect that this search was approximately 8 months, or more, before the December 2021 arrest in this case. The federal authorities were aware of said firearms that were recovered from the residence and Mr. Tam was allowed to stay in the community and return to the residence in Allston throughout the Summer and Fall of 2021.

The Defendant asked the Court to reconsider the Order of Detention by way of Motion filed January 18, 2022. In the denial of the Defendant's Motion to Reconsider dated February 2, 2022, the Order states: "There were nine operable firearms and a large quantity of ammunition at his home at the time of his arrest. There is no basis for this court to reconsider its earlier ruling that the risk to the community is too great if the defendant were to be released." However, the firearms and

ammo referenced by the Court were not seized at the time of his arrest. That evidence was seized back in May 2021 and Mr. Tam was allowed to stay at liberty, not charged, and remain at the home until his arrest in December 2021. Accordingly, that should not be a factor that should be considered for the Defendant's pretrial detention. Instead, that shows the Defendant can be released and should be released. There were no firearms seized or recovered when the Defendant was arrested and held in December. The Defendant also contends that there were not 9 firearms back in May 2021. There were 4 operable firearms and the rest were parts that were not capable of shooting a projectile.

The Defendant was not arrested in May; instead, he tried a treatment program without a Court Order for the first time. He was not ready, and he left too soon. The Defendant, with the assistance of his Fiancée, recently found a bed at an outstanding residential drug treatment program – Rockland Recovery. The Defendant will provide an updated acceptance letter from Rockland. The Defendant and his Fiancée are able and willing to pay for the cost of the treatment program and any other follow up treatment after the residential program. The Defendant has not been sober for more than a week over the last few years. With the time in custody, he has over three months of sobriety, and he is ready to take on his sobriety and this

rehab program head on with passion and a motivating head start. He is committed to his treatment and allowing him to do so will best serve the interests of justice.

The contact information for Rockland Recovery contact is:

**Kayla Florence, Director of Finance**
*ROCKLAND RECOVERY TREATMENT CENTERS*
**884 Washington Street, Weymouth MA 02189**
**www.rocklandrecovery.com**
**(508)245-8954**
**kflorence@rocklandrecovery.com**

The Defendant did not flee or try to hide during this investigation and following the search of his residence last year in May 2021. Instead, he retained defense counsel and returned to the work force. Despite the progress, Mr. Tam started using narcotics again. He was using though, and he fell back into substance abuse after a week of sobriety.

Mr. Tam was then charged in Brighton Division of Boston Municipal Court for trafficking meth in December 2021, and he was released on a $9,000 cash bail. When Mr. Tam appeared in Court the following business day as ordered, the Commonwealth sought $100,000 bail. Knowing the Commonwealth was asking for bail that he could not afford, Mr. Tam did not flee or leave the Court. The Court released him on the same $9,000 bail posted

5

that he appeared on that morning. He has had other cases in Brighton and each time he appeared as ordered. He did not default or miss a single Court date. The other matters were all eventually dismissed.

Mr. Tam is a loving father and resides in Allston with his Fiancée and young children. He is a supportive and caring father and partner. He is actively involved in raising the children and participating in their extra-curricular activities, i.e. gymnastics, other sports, etc. Mr. Tam is suffering from substance abuse disorder and he has been actively addicted to meth for years. He is willing to reside anywhere the Court deems fit, and he will move the family anywhere if needed. Mr. Tam is not a danger so long as he stays sober. There are conditions of release that will address these issues, namely significant treatment and substance abuse programming.

Mr. Tam is open and willing to abide by any and all conditions of release and requests help to find a suitable treatment program as part of this case. The Defendant respectfully suggests that he has met the burden and overcome the rebuttable presumption for detention. He has shown that there are a suitable set of conditions that would address the concerns of the Government and the Court and establish that he is fit for conditional release. The treatment program waiting for him is an excellent opportunity and will provide the

assurance that he is capable of abiding by all other conditions of release.  Following his inpatient treatment, the GPS and curfew will continue to serve the intended purpose and protect society.  The GPS will monitor his continued outpatient treatment and monitor his precise location to assure there is no additional drug activity.

WHEREFORE, the Defendant respectfully requests that this motion be ALLOWED and release be permitted with any and all conditions of release.

                                            Respectfully submitted,
                                            HARRY TAM,
                                            By his attorney,

                                            ***/s/ CLMALCOLM***
                                            _____
                                            Christopher L. Malcolm
                                            BBO No.: 684440
                                            266 Willowgate Rise
                                            Holliston, MA 01746
                                            617-645-0089
Date:  March 28, 2022                 clmalcolm@gmail.com

### CERTIFICATE OF SERVICE

I, Christopher L. Malcolm, Attorney for Defendant, hereby certify that on this date I served a copy of this motion to review pretrial detention by email and electronic notice on the US Attorney's Office.

                                            ***/s/ CLMALCOLM***
    Date:   3/30/22                  _____
                                          Christopher L. Malcolm