UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>JACOB PARLIN,<br>    Defendant | CRIMINAL No. 21-cr-10350-LTS |

GOVERNMENT'S OPPOSITION TO DEFENDANT'S MOTION TO REOPEN THE DETENTION HEARING

The United States of America, by Rachael S. Rollins, United States Attorney, and Nadine Pellegrini, Assistant United States Attorney for the District of Massachusetts, files this opposition to the Defendant Jacob Parlin (hereinafter the Defendant)'s Motion to Reopen the Detention Hearing. (Dkt. 201).

Defendant Parlin is charged in the above-captioned Indictment in Count One with a violation of 21 U.S.C. § 846 (conspiracy to distribute and to possess with intent to distribute 50 grams or more of methamphetamine); and in Count Six with a violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A)(viii) (distribution of and possession with intent to distribute 50 grams or more of methamphetamine. As charged, the Defendant faces a mandatory minimum sentence of ten years on both counts and a maximum term of incarceration of life.

If this matter proceeds to trial, the evidence presented at trial would consist of, among other things, judicially authorized interceptions between the Defendant and co-Defendant Harry Tam. As an example, on March 30th, 2021, Tam called the Defendant to say he had not yet picked up the product because his supplier is worried about the police. In another call to another individual at that time, Tam says that the Defendant is angry because he must wait to pick up the drugs. The

individual asks what the Defendant is picking up and Tam replied "Drugs! Meth!"  Later that day, the Defendant called Tam to advise that he [the Defendant] was outside of Tam's residence.  Tam said he had "an open package" and needed a few more minutes.  Surveillance units in the area observed the Defendant's vehicle and observed Tam and the Defendant outside with the Defendant receiving a white bag from TAM.  Surveillance units observed the Defendant drive from Tam's residence to New Hampshire where the Defendant was stopped and ultimately arrested by New Hampshire State Police. The Defendant did not have a driver' license and was asked to step out of the vehicle.  He was asked if there was anything illegal in the vehicle and he said, "a few pounds." Troopers impounded the vehicle and obtained a search warrant based upon the information about the drug transaction from DEA task force officers. Lab analysis identified the product as methamphetamine with a weight of 882.8 grams and 100 % purity.  The government suggests that this is strong evidence of the Defendant's role in a drug distribution conspiracy.

      To the extent that the Defendant is claiming to currently be addicted to drugs (although it is not clear whether that is still the case as he has been incarcerated for since his arrest), the Defendant has not provided any information that exists "not known to the movant at the time of the [detention] hearing" nor has he provided information "that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community." 18 U.S.C. § 3142(f)(2). [1]

---

[1] Defendant claims that Wyatt Detention Center "offers little programing on this issue to federal pretrial detainees."  The government notes that the website for Wyatt indicates that it offers a Substance Abuse class which is a twelve-week program that covers all areas of addiction and life changes. It includes cognitive behavior therapy (CBT) stages of changes in health, wellness, relapse prevention, overdose prevention, and dealing with adversities.  The Defendant fails to state whether he sought entry into this program.

Therefore, the defendant should not be released to a residential treatment program, and certainly should not be released back to the community.

A defendant may reopen his detention hearing under 18 U.S.C. § 3145(f)(2), which permits reopening:

> before or after a determination by the judicial officer, at any time before trial if the judicial officer finds that information exists that was not known to the movant at the time of hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community.

18 U.S.C. § 3145(f)(2); *see also United States v. Dillion,* 938 F.2d 1412, (1st Cir. 1991).

Here, the defendant has not met the threshold requirements of Section 3145(f)(2) for reopening. In his motion, the defendant raises no new information "that was not known to the movant at the time of the hearing," nor has he raised circumstances that would have a "material bearing" on the issue of the defendant being a danger to the community.

Moreover, the limited information provided by the Defendant's Motion suggests the program is held in an open residential facility, from which the defendant can come and go as he wishes. The most recent information on the Layman Way Recovery Center indicates that the success rate is only 53 % and the program lasts no longer than six months. There is no suggestion that anything prevents an individual from leaving the facility. Milestone Recovery is also a residential program, and its website suggests that its program is also six months although it may be extended to nine months.

Both facilities are in Maine which would require that supervision of the Defendant be transferred. At this time, the government has not had an opportunity to speak with the Massachusetts Probation Office about any of the proposals. The Defendant fails to indicate whether Probation agrees with his motion.

The defendant's motion also fails to address what conditions will be placed on him when he completes this treatment program.

Because the defendant as not provided any new information suggesting he is no longer a danger to the community or conditions of release reasonably ensure the safety of the community, the defendant's motion must be denied. *Mateo Soto*, 2017 WL 3705797, at *3 ("The nature and circumstances of the offense strongly support the presumption in this case that defendant is a danger to the community. Defendant has not shown how the proposal [] has a material bearing on, or addresses in any way, the issue of danger to the community."); *Keller*, 2008 WL 3085199, at *3 (denying the reopening of detention hearing under Section 3142(f) where the defendant failed to satisfy the threshold requirements).

**CONCLUSION**

For the reasons set forth above, the government asks that the defendant's motion be denied. In the event the Court decides to reassess the defendant's danger to the community, the government requests the opportunity supplement the record with additional evidence of dangerousness.

The government requests that the Defendant's Motion be denied.

    Respectfully submitted,

    RACHAEL S. ROLLINS
    United States Attorney

By:    */s/ Nadine Pellegrini*
    NADINE PELLEGRINI
    Assistant United States Attorney
    617/748-3261

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

>*/S/ Nadine Pellegrini*
>NADINE PELLEGRINI
>Assistant United States Attorney

Date: December 6, 2022