UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>HARRY TAM, *et. al.*,<br><br>Defendants | CRIMINAL No. 1:21-cr-10350-LTS |

## GOVERNMENT'S PRETRIAL MEMORANDUM SUGGESTING TWO-TRIAL SCHEDULE

On December 7, 2021, the Grand Jury returned an indictment charging a total of ten defendants in this case with various controlled substance and firearms crimes. Dkt. No. 1. Since then, one defendant has entered a guilty plea, and another defendant has remained at large. Dkt. No. 197. Of the remaining defendants, at least two – Henry Vuong and Robert Ostrander – are expected to seek Rule 11 hearings prior to June 5, 2023, the current trial date. Dkt. No. 188.

With respect to the remaining six defendants, for both logistical and security reasons, it is impractical to try such a large group of defendants at one time. Therefore, the government proposes the following two-trial schedule. Several of the defendants listed below may also be prepared to change their pleas prior to the listed trial dates. However, plea discussions with these defendants are not as complete as they are with Vuong and Ostrander. Therefore, the government has included their names in the proposed schedule.

| **June 5, 2023** | **July 17, 2023** |
|:---:|:---:|
| James Colamaria | Harry Tam |
| Marcus Leyden | Vincent Duong |
| Tony Nguyen | Jacob Parlin |

This two-trial approach best serves the parties and the court. For example, defendant Tam received new counsel on March 6, 2023. Dkt. No. 259. That attorney is now engaged in potentially dispositive motion practice. Within the last week, he has submitted three motions to suppress. Dkt. Nos. 284, 288, 290. The government needs time to respond to these motions, and even assuming the court does not order an evidentiary hearing, the court will need time to review the documents and rule. It is not practical to compress this motion practice into the next month, when the parties will also be preparing for trial, because the rulings themselves will greatly influence how the parties prepare for trial and consider dispositional options. Therefore, a slightly later trial date is necessary to accommodate the preparation of Tam's case.

The government also suggests joining Duong and Parlin with Tam's later trial date. Evidence relating to these three defendants is overlapping and intersectional. Further, while the government has not foreclosed the possibility of a negotiated plea with any of these defendants, the government views those resolutions, at least for the moment, as less likely. The government further notes that the undersigned spoke on May 1, 2023, with counsel for Jacob Parlin, who may request additional health evaluations before trial. Counsel for Tam, Parlin, and the government confirm that they are available and will be ready for trial on July 17, 2023.

The proposed June 5 trial group consists of defendants whose trial evidence is somewhat segregated from that applying to Tam, Duong, and Parlin. Thus, it makes sense for these defendants to be tried separately. The government notes that it is possible that some of these June 5 defendants might also plead before that date. For example, the government is engaged in active negotiations with Colamaria. Additionally, at the April 25, 2023, status conference, stand-in defense counsel indicated that Leyden's counsel was expecting his client to change his plea. Dkt. No. 283. Leyden's counsel has since told the government that he will discuss this with his client

soon. However, the government has not engaged in any discussions relating to disposing of Leyden's case. In any event, the government's aim is to complete all plea negotiations for this group shortly and, if applicable, to appear for Rule 11 colloquies prior to June 5, 2023. Defendants in this group who do not enter pleas prior to that date would begin trial on June 5, 2023. This plan has the additional advantage of separating various in-custody defendants from others in the July 17 group, thereby making court transport and security more manageable.

The government circulated a draft of this proposal to defense counsel on May 2, 2023, and received responses from counsel for Colamaria, Leyden, and Tam. The government has, to the best of its ability, incorporated suggestions and requests from those attorneys.

Respectfully submitted,

RACHAEL S. ROLLINS
United States Attorney

By: /s/ *Amanda Beck*
AMANDA BECK
Assistant United States Attorney

**CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants .

    _/s/ Amanda Beck_____
    AMANDA BECK
    Assistant United States Attorney

Date: May 3, 2023