UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>v.<br><br>JACOB PARLIN,<br><br>　　　　Defendant. | Case No. 21-CR-10350-LTS |

## MOTION TO SUPPRESS EVIDENCE AND STATEMENTS

## REQUEST FOR EVIDENTIARY HEARING

Defendant Jacob Parlin ("Mr. Parlin") respectfully moves this Honorable Court to suppress the following physical evidence and statements.

### Evidence to be Suppressed

1. **Physical Evidence**

    a. Exhibit 42, a plastic bag containing approximately 882.8 grams of alleged Methamphetamine Hydrochloride. *See* Chemical Analysis Report, attached at Ex. A. Exhibit 42 is the same "white bag underneath the driver's seat on the floor with what appeared to be a large amount of white substance" allegedly observed by Rockingham County Sheriff's Deputy Michael Greeley ("Deputy Greeley") in Seabrook, NH, during a warrantless stop and seizure of a black Chrysler 300 on March 31, 2021. *See* Application for New Hampshire Search Warrant, Supporting Affidavit by Deputy Stephen P. Soares ("Deputy Soares"), Warrant, and Return, attached at Ex. B, at 9 ¶7; *see also* Report of Investigation dated 03/31/2021 by TFO

1

Amie Le ("TFO Le"), attached at Ex. C, ¶19; Report of Investigation dated 04/05/2021 by TFO Le, attached at Ex. D, ¶4.

b. All further items described in the Return, including one half pill of "Pressed Adderall"; one bottle cap with "crystal-like residue;" one "Glass tube with residue"; and a lease agreement. *See* Ex. B at 7.

c. A "clear plastic baggie of a crystal-like substance" alleged to have fallen "from [Mr. Parlin's] right-side front pocket of his hoodie" after his warrantless arrest. *See* Ex. B at 9, ¶7.

2. **Statements**

    a. Statements Mr. Parlin allegedly made to Rockingham County Deputies while under arrest on March 31, 2021, including the following: "Deputy Cunningham asked [Mr. Parlin] if there was anything illegal in the vehicle, Jacob said you [']you know what's in there[']. Deputy Cunningham again asked what was in the car, [Mr. Parlin] said, 'there is a few pounds[], but I'm not letting you search the car.'" *See* Ex. B. at 9, ¶9.

**Grounds for Suppression**

The grounds for suppression are described in the Memorandum of Law filed in support of this motion, hereby incorporated by reference. In summary, the grounds for suppression are as follows:

1. **Physical Evidence**

    a. Law enforcement stopped the Chrysler, ordered Mr. Parlin out of the car, and searched the car through a visual examination on site without a warrant. No exception to the warrant requirement justified the car stop, exit order, and search. All physical

evidence and statements are a fruit of this initial warrantless police action must be suppressed.

b. Following the warrantless stop of the Chrysler, law enforcement had the obligation to permit A.Y.[1], the licensed passenger in the car who had rented the Chrysler, to drive the car away. Instead, law enforcement arrested A.Y. for purportedly "maintaining drug-involved premises." *See* Ex. D, ¶5. The arrest was baseless, without probable cause, and never pursued by law enforcement; indeed, the arrest of A.Y appears to have been a pretext to render her unavailable to drive away the Chrysler.

c. As to the New Hampshire search warrant, the affidavit in support of the search warrant failed to establish probable cause to believe that a controlled substance would be located inside the Chrysler. Further, a hearing concerning the New Hampshire warrant is required pursuant to *Franks v. Delaware,* 438 U.S. 154 (1978).

2. **Statements**

a. Prior to law enforcement's custodial interrogation of Mr. Parlin, including Deputy Cunningham's questioning of whether "there was anything illegal in the vehicle," law enforcement failed to provide Mr. Parlin with his rights pursuant to *Miranda v. Arizona*, 384 U.S. 486 (1966); *see* Declaration of Jacob Parlin, attached at Ex. E. Although the affidavit by Deputy Soares claims that "Deputy Greeley read [Mr. Parlin] his rights under Miranda," *see* Ex. B. at 9, ¶8, TFO Le fails to indicate that any law enforcement personnel provided Mr. Parlin with his *Miranda* rights prior to his custodial interrogation. *See* Exs. C, D.

---

[1] The identity of A.Y. is known to the government. Although A.Y. is an adult, he/she was never charged with a crime. Accordingly, this motion and its accompanying memoranda and exhibits will use his/her initials.

For the reasons stated herein, as well as the accompanying Memorandum of Law, Mr. Parlin respectfully requests the Court grant an evidentiary hearing and allow the instant motion.

DATE: August 4, 2023

Respectfully Submitted,
JACOB PARLIN
By his attorney:

/s/ David J. Grimaldi
David J. Grimaldi (BBO # 669343)
David J. Grimaldi, P.C.
929 Massachusetts Avenue, Suite 200
Cambridge, MA 02139
Tel: 617-661-1529
Fax: 857-362-7889
david@attorneygrimaldi.com

## Certificate of Service

I, David J. Grimaldi, do hereby certify that true copies of this filing were served on all registered participants by CM/ECF this 4th day of August 2023.

/s/ David J. Grimaldi
David J. Grimaldi

4