# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> JACOB PARLIN, <br><br> Defendant. | Case No. 1:21-CR-10350-LTS-10 |

### DEFENDANT'S RESPONSE TO GOVERNMENT'S SENTENCING MEMORANDUM

Defendant Jacob Parlin ("Mr. Parlin") respectfully submits this brief response to the government's sentencing memorandum filed on Friday, March 15, 2024. *See* D.E. 604 ("memorandum").

In its memorandum, the government claims that Mr. Parlin "agreed to assist co-conspirator Vincent Duong in obtaining a new firearm." *See id*. at 3. The government further claims that while codefendant Marcus Leyden "was arrested with a firearm . . . that does not significantly distinguish Leyden from Parlin, who agreed to assist co-conspirator Duong in obtaining a firearm." *See id.* at 6. The government's claims concerning firearm evidence in this case are insufficiently supported by the evidence and inappropriate as sentencing considerations.

First, despite charging four other defendants with firearm offenses in this case — Harry Tam, Marcus Leyden, Henry Vuong, and Vincent Duong — the government never charged Mr. Parlin with a firearm offense. *See* PSR ¶5. If they had sufficient evidence to charge him with a firearm offense, they would have done so.

Second, the government introduced no evidence at trial concerning a purported firearm offense. *See* D.E. 525 (denying as moot Mr. Parlin's Motion in Limine to Exclude Firearm

1

Evidence, following government's representation that it would not offer such evidence). If the purported firearm evidence was admissible and persuasive, then the government would surely have continued in its effort to introduce it.

Third, the probation department correctly decided not to include a guidelines enhancement based on the purported firearm evidence, and the government never objected to that correct decision. What the government cannot prove by a preponderance of the evidence to the probation department should not be used as a sentencing factor under 18 U.S.C. § 3553(a) either.

Fourth, the evidence itself is weak and inappropriate as a sentencing consideration. Mr. Tam never mentioned a firearm to Mr. Parlin, and Mr. Parlin never agreed to provide him one. Whatever Mr. Duong and Mr. Tam discussed between each other in phone calls fails to establish an agreement by either of them **with Mr. Parlin**.

Finally, no firearm transaction involving Mr. Parlin ever took place, and no firearm was ever seized. Notably, there was no firearm evidence in the car stopped by law enforcement on March 31, 2021.

All of the above stands in sharp contrast to Mr. Leyden, who, after a car stop by law enforcement, "fled the scene," "carjacked a vehicle while armed with a firearm," and was arrested with a "ghost gun" *See* D.E. 452 at 2. The government's comparison of Mr. Leyden's case with Mr. Parlin's case in this regard is dubious. The nature of Mr. Leyden's conduct is far more serious, and the weight of the evidence supporting it substantially stronger, than any purported firearm evidence in Mr. Parlin's case.

If the government had sufficient evidence concerning a firearm in this case, it would have charged Mr. Parlin with a firearm offense like it did with four other defendants in this case, or at least had the confidence to introduce that evidence at trial. But the government did neither. The

uncharged alleged conduct based on insufficient evidence now advanced by the government is an impermissible sentencing factor. This Court should not consider it.

DATE: March 18, 2024

Respectfully Submitted,
JACOB PARLIN
By his attorney:

/s/ David J. Grimaldi
David J. Grimaldi (BBO # 669343)
David J. Grimaldi, P.C.
929 Massachusetts Avenue, Suite 200
Cambridge, MA 02139
Tel: 617-661-1529
Fax: 857-362-7889
david@attorneygrimaldi.com

CERTIFICATE OF SERVICE

I, David J. Grimaldi, hereby certify that true copies of this filing were served on all registered participants via CM/ECF this 18th day of March 2024.

/s/ David J. Grimaldi
David J. Grimaldi